[Civil No. 3299. Filed June 24, 1935.]

[46 Pac. (2d) 645.]

THE VALLEY BANK AND TRUST COMPANY, Executor of the Will of Lytton Burr Hitchcock, Deceased, Appellant, v. LILLIAN WILLIAMS, Administratrix of the Estate of Grafton Mason, Jr., Deceased, Appellee.

Messrs. Baker & Whitney and Mr. Lawrence L. Howe, for Appellant.

Mr. Hess Seaman and Mr. William G. Christy, for Appellee.

LOCKWOOD, C. J.—Valley Bank and Trust Company, as executor of the will of Lytton Burr Hitchcock, deceased, hereinafter called plaintiff, brought suit against Grafton Mason, Jr., as defendant, seeking a declaratory judgment under the provisions of article 12, chapter 93, Revised Code 1928 (sections 4385–4390), construing a portion of the will of its testator and declaring the status of defendant thereunder. Defendant answered, admitting the will to be as stated in the complaint, but contesting the construction placed thereon by plaintiff, and asking that a judgment be entered in accordance with what he contended to be its true meaning. The will was offered in evidence and was by the court construed according to the contention of defendant, and judgment was rendered accordingly, whereupon plaintiff appealed. After the appeal was taken, defendant died intestate, and his administratrix, Lillian Williams, was substituted for him on the appeal.

The facts are not in dispute, and may be stated as follows: Lytton Burr Hitchcock died in January, 1931, leaving a will which appointed plaintiff as his executor and trustee under the will. It was admitted to probate and letters testamentary duly issued thereon. By its terms all the property of the deceased was bequeathed to plaintiff in trust for certain purposes, named in the will. The trust provided, in substance, that a certain income should be paid from the trust estate to the father and mother of the testator during their lifetime, and, after deducting certain specific legacies in case the estate exceeded $250,000 in value, the remainder of the estate should be held in trust for his two sons until they reached the age of forty, at which time the principal of the trust was to be distributed in the manner provided in the will. The trustee was given the following powers in regard to handling the estate:

"I authorize and empower my trustee to retain the whole or any part of the said trust estate in the real or personal properties or securities in which it may be invested at the time of my death, or to sell, lease, or otherwise dispose of, and mortgage, encumber, or hypothecate, the whole or any portion of the said trust estate, and to execute all deeds, contracts, convey- ances, mortgages, or other instruments necessary therefor; and to invest and re-invest the profits and/or proceeds in such other securities, properties and investments as my said trustee, in its discretion shall deem to the best advantage of the estate. . . . "

But the following clause also appeared, which is the one under consideration for construction:

"It is my desire that through my said trustee all of my interest in Schmidt-Hitchcock Contractors, a corporation, be directed and supervised and man- aged by Grafton Mason, Jr., and that my stock in said corporation be sold on convenient terms at its appraised value to the said Grafton Mason, Jr., or such other associate or associates as said Grafton Mason, Jr., may select and/or nominate."

It was the contention of plaintiff that under this clause defendant was required to exercise his option of purchase within a reasonable time after the pro- bate of the will, and that in the meantime, while he might supervise the business of the corporation, plaintiff was entitled to vote the stock of the testator, which amounted to a controlling interest of the Schmidt-Hitchcock Contractors, in such manner as it saw fit at stockholders' meetings of the corporation. It was the position of defendant, on the other hand, that the option of purchase could be exercised by him at any time during the existence of the trust, which under the evidence would probably last some twenty years, and that during that time he was authorized to vote the stock of testator as well as to manage the affairs of the corporation, and it was his construction which was adopted by the trial court.

In view of the fact that it is admitted that defendant did not either purchase the stock of testator, referred to in the will, during his lifetime, or exercise his power of appointment of a purchaser, we are of the opinion that it is unnecessary for us to determine whether the construction placed on the will by the trial court was correct or not. Under any circumstances, the rights it conferred upon defendant were personal in their nature, and, in the absence of the appointment of a purchaser during his lifetime, did not survive his death. Since he died without exercising the right of purchase or nominating a purchaser, and since that right did not pass to his estate, the stock referred to in the clause under construction became at his death a part of the principal of the trust fund and subject to control by the trustee in the same manner as was given over the rest of the fund.

The judgment of the superior court of Maricopa county is set aside, and the case remanded, with instructions to enter judgment that, in view of the death of defendant without an exercise by him of the power of purchase or appointment, the plaintiff is entitled to exercise the same right of control over the stock in the Schmidt-Hitchcock Contractors, a corporation, as it is by the terms of the will over the remainder of the trust estate, the cost in both the lower and this court to be borne by the trust fund.

McALISTER and ROSS, JJ., concur.